IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES POSTAL SERVICE,

Plaintiff,

v.

CITY OF BERKELEY,

Defendant.

No. C 16-04815 WHA

**ORDER GRANTING MOTION TO STRIKE**

In its opposition to the United States Postal Service's motion for summary judgment, the City of Berkeley supplied a declaration from Alex Amoroso, Secretary of the City's Planning Commission. Amoroso's declaration claimed, "Proceedings of Regular and Special Meetings of the City Planning Commission are recorded in electronic audio files, which are maintained on City servers," and appended transcribed excerpts of four such meetings that Amoroso attended (Dkt. No. 110-2). The USPS claims the City never disclosed or produced the audio files or transcripts referenced by Amoroso during discovery, and accordingly moves to strike the declaration and preclude the City from relying on the files (Dkt. No. 124).

Federal Rule of Civil Procedure 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the

reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions."

Here, the City does not dispute that it failed to disclose or produce the files but nevertheless opposes the motion. *First*, the City claims its failure was inadvertent (Dkt. No. 131 at 4–5). But inadvertence does not give the City a free pass to use evidence not properly disclosed or produced to the opposing side. *Second*, the City contends the USPS should have deduced the existence of the files and inquired about them because the USPS knew about the underlying Planning Commission meetings (*id.* at 5–7). This is a non sequitur. There is no reason to believe the USPS knew of the existence of the specific files at issue. The City, not the USPS, bore the responsibility for disclosing and producing those files. *Third*, the City seems to complain that the USPS did not describe the progress of document production with sufficient detail at a prior hearing (Dkt. No. 131 at 7–8). This complaint has no discernible relevance to the issue at hand. *Fourth*, the City contends the USPS cannot be prejudiced because, according to the City, the evidence in question "is irrelevant to the Service's claims" (*id.* at 8–9). Yet the City nevertheless attempts to use that evidence at least to some extent in its opposition brief. To that extent, the prejudice to the USPS remains. *Fifth*, the City baldly asserts that any prejudice could be cured by a short continuance to allow the USPS to file an amended reply brief (*id.* at 9–10). As the USPS points out, however, it still did not have the benefit of the evidence in question during discovery or in the preparation of its motion for summary judgment. The City's proposed remedy provides no answer for this prejudice.

Under these circumstances, this order finds that the City's failure to disclose and produce the evidence in question was not substantially justified or harmless, and accordingly **GRANTS** the USPS's motion to strike. The Amoroso declaration and its exhibits are **STRICKEN** from the City's opposition brief. The City will not be permitted to rely on this evidence at trial.

**IT IS SO ORDERED.**

Dated: January 23, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2